

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
08/01/2011

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| KENNETH O. DIKE and ) | CASE NO. 09-31768-H3-7 |
| VIRGINIA N. DIKE, ) | |
| ) | |
| Debtors, ) | |
| ) | |

### MEMORANDUM OPINION

The court has held a hearing on the "First and Final Application for Attorneys' Fees and Reimbursement of Expenses of Tow & Koenig, PLLC" (Docket No. 76). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying without prejudice the instant application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Kenneth O. Dike and Virginia N. Dike ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 17, 2009. Rodney D. Tow ("Trustee") is the Chapter 7 Trustee. Trustee filed an application to employ Tow & Koenig, PLLC ("Applicant") as his counsel on December 6, 2010. (Docket No. 68). The application to employ was granted, approving

employment nunc pro tunc to April 15, 2009, by order entered on January 5, 2011.  (Docket No. 70).

In the instant application, Applicant seeks allowance of $12,140.35 in fees, and $2,332.98 in expenses.  In the application, Applicant describes the following work:  Applicant sought and obtained employment of itself and a realtor; objected to a motion to lift stay; moved to sell four parcels of real property; moved to abandon one parcel of real property; reviewed claims; and prepared the instant application.  (Docket No. 76). In light of the appearance that the fees were high for the work described in the instant application, the court set the instant application for hearing.

At the hearing on the instant application, Julie Koenig, the attorney in charge for Trustee, testified that she believed there were two separate cases, one involving the debtors in this case, and a second case involving "Kenneth Dike CPA," an accounting business owned by one of the Debtors.

The court has reviewed the electronic case filing system, and has not located an additional case.

Koenig testified that most of Applicant's efforts were directed toward recovery of an unscheduled asset, an office building located in Houston, Texas.  She testified that significant time was spent in determining the estate's interest in the property, and locating buyers for the building.  She

testified that, even after the sale closed, she became aware of a pending lawsuit addressing insurance coverage which may relate to the building sold.  She testified that, although the instant application is described as a final application, she anticipates that Applicant will perform additional services for Trustee, and will seek further compensation.

In the instant application, Applicant is seeking reimbursement for a total of $2,157.24 for copies, at 20 cents per copy.  A review of the detailed copy charges reflects that Applicant billed for 2,709 copies related to Trustee's application to employ a realtor; and 6,461 copies on Trustee's motion to sell real property.  At the hearing, Koenig testified that she was unaware of why there were so many copies billed.  She testified that she does not maintain the copy charge records for Applicant.

## Conclusions of Law

Section 330(a)(1) of the Bankruptcy Code permits the court to award reasonable compensation to a professional employed by the estate for actual, necessary services rendered. 11 U.S.C. § 330(a)(1).

Under Section 330(a)(3) of the Bankruptcy Code, in determining reasonable compensation, the court considers the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on

3

such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

  Under Section 331 of the Bankruptcy Code, the court may allow interim compensation.  Although the instant Application states it seeks final compensation, the court construes Koenig's statement as a request to treat the instant application as an interim application.

  The necessity and benefit of Applicant's services in the instant case is not clear, in light of Koenig's uncertainty as to whether there exist one case or two cases, the ongoing status of litigation regarding the building as to which Koenig testified Applicant spent most of its time; lack of clarity as to the copy charges; and the need for further services.  The court concludes that the instant application should be denied without

prejudice to the seeking of the fees sought in the instant application, either on a final application, or on an interim application which addresses the uncertainties that appear with respect to the instant application.

      Based on the foregoing, a separate Judgment will be entered denying without prejudice the "First and Final Application for Attorneys' Fees and Reimbursement of Expenses of Tow & Koenig, PLLC" (Docket No. 76).

      Signed at Houston, Texas on August 1, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE